IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HALBERT VANDERHOOF,

                Plaintiff,                      OPINION AND ORDER

v.

                                                14-cv-440-wmc

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

---

       Pursuant to 42 U.S.C. § 405(g), plaintiff Halbert Vanderhoof seeks judicial review of a final determination that he was not disabled within the meaning of the Social Security Act.  Vanderhoof contends that remand is warranted because the Administrative Law Judge failed to address his mental health limitation regarding concentration, persistence, and pace when posing questions to the vocational expert.  In light of ongoing, well-established concerns with ALJ's treatment of this particular limitation, the court issued an order seeking a response from the Commissioner as to why remand was not warranted in this case.  (Dkt. #17.)  Having now reviewed the Commissioner's supplemental response (dkt. #18), the court finds remand appropriate, but will decline to sanction the Commissioner by awarding double fees and costs to plaintiff.

FACTS[1]

Plaintiff Halbert Vanderhoof applied for Social Security Income on November 28, 2007, claiming disability since November 26, 2003. The claims were denied initially on March 4, 2008, and upon reconsideration on June 13, 2008. The first Administrative Law Judge ("ALJ") held a video hearing on September 16, 2010, and issued a decision on November 5, 2010, finding that Vanderhoof has not been under a disability within the meaning of the Social Security Act. The Appeals Council letter vacated that decision and remanded (1) for further consideration of "the claimant's residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitation"; and (2) "[i]f warranted, [to] obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." (AR 275-276.) The Appeals Council further directed the ALJ that "[t]he hypothetical questions should reflect the specific capacity/limitations established by the record as a whole." (*Id.* at 276.)

On remand from the Appeals Council, this dispute was reassigned to a different ALJ, and that ALJ held a second evidentiary hearing on September 13, 2012, at which plaintiff appeared with counsel. Critical to plaintiff's appeal to this court, the ALJ found

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #7. Normally, the court would provide an overview of the relevant medical evidence, state agency opinions, and an overview of the hearing, among other topics. However, since the only issue raised in this appeal concerns whether the ALJ erred by not including his finding of a moderate limitation with respect to concentration, persistence and pace in the description of Vanderhoof's residual functional capacity, the facts are limited to those material to that issue.

2

> With regard to concentration, persistence or pace, the claimant has just moderate difficulties. The claimant is capable of driving a car for short distances and is able to concentrate to perform household chores. (Exs. 1E and 5E). The claimant requires breaks while driving or performing chores, but this is due to the need for physical rest, not because of an inability to concentrate long enough to complete the tasks. The claimant showed, prior to his physical injury, he was capable of semi-skilled work without any cognitive difficulties. However, he does have a learning disorder that prevents performance of complex verbal and math tasks. Thus, I find he has just moderate difficulties with regard to concentration, persistence and pace.

(AR 31.)

In describing Vanderhoof's residual functional capacity, the ALJ further concluded that Vanderhoof was capable of light work with certain physical limitations, and, material to this appeal, "limited to simple, routine and repetitive tasks with only occasional judgment required on the job." (*Id.* at 32.)  Consistent with this description, the ALJ posed the following hypothetical to Emily M. Veith, the vocational expert, during the hearing:

> Ms. Veith, please assume a person of the claimant's age, education, and work experience who's able to perform light work; only frequently climb ladders, ropes or scaffolds; only frequent climbing of ramps or stairs; only frequent balancing; occasional stooping; occasional crouching; frequent kneeling; frequent crawling; and work that is limited -- *limited to simple, routine, and repetitive tasks with only occasional judgment required on the job*.

(AR 227 (emphasis added); *see also* AR 228 (changing physical limitations but keeping same "simple, routine, or repetitive job" limitation).)  Based on this hypothetical, Veith concluded that jobs would be available to Vanderhoof in the national economy. (*Id.*)  In a decision dated September 26, 2012, the ALJ found plaintiff was not disabled.

3

On April 21, 2014, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiffs' request for review. This request for judicial review followed.

OPINION

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the administrative law judge. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

Even so, a district court may not simply "rubber-stamp" the Commissioner's decision, but engage in a critical review of the evidence. *See Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). A decision cannot stand if it lacks evidentiary support. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Similarly, the ALJ must explain her analysis of the evidence with enough detail and clarity to permit meaningful appellate review. *Id.; Herron v. Shalala*, 19 F.3d 329, 333-34 (7th Cir. 1994). When the ALJ denies benefits, she must build a logical and accurate bridge from the evidence to her conclusion. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

Here, plaintiff contends that the ALJ erred in omitting her moderate limitations in concentration, persistence and pace ("CPP") from the formulation of Vanderhoof's RFC and the articulation of that RFC to the vocational expert. More specifically, consistent with well-established case law in the Seventh Circuit, Vanderhoof contends that a limitation to "simple, routine, and repetitive tasks" is insufficient to account for CPP imitations, which renders the RFC formulation deficient and, as a consequence, opinions by the vocational expert similarly deficient. *See, e.g.*, *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 617 (7th Cir. 2010) (holding that the ALJ should refer "expressly to limitations on concentration, persistence, and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do"); *see also Young v. Barnhart*, 362 F.3d 995, 1003-04 (7th Cir. 2004); *Steward v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003); *Steele*, 290 F.3d at 942.

In her opposition brief and again in her response to this court's order, the Commissioner contends that the ALJ's treatment of the CPP limitation constitutes "alternative phrasing" allowed under *O'Connor-Spinner*. *See* 627 F.3d at 619-20 (describing various exceptions to this general rule including "when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform"). In support, the Commissioner points out that the CPP limitation addresses Vanderhoof's "learning disorder that prevents performance of complex verbal and math tasks." (Def.'s Resp. (dkt. #18) 2.)

On that much, the court agrees. But the Commissioner then reasons that the ALJ's RFC limitation to "simple, routine, and repetitive tasks with only occasional judgment required on the job" constitutes alternative phrasing of the CPP limitation, with emphasis on the "with only occasional judgment" part of that limitation. (*Id.* at 3.) Under well-settled case law, this argument proves too much.

First, the ALJ's decision itself contains no explanation of a connection between the CPP limitation and the RFC formulation, leaving unclear whether the ALJ himself made one. Second, and more problematic, the RFC limitation to "simple, routine and repetitive tasks with only occasional judgment required on the job" does not necessarily cover the CPP limitation. Indeed, it is unclear on this record just what Vanderhoof's CPP limitation *is*, other than that it is "moderate" and at least involves a limitation to "performance of complex verbal and math tasks."

Even if only entailing this latter limitation, the ALJ fails to explain how his limitation on Vanderhoof's use of "judgment" covers a limitation of "performance of complex verbal and math tasks." *See Steele*, 290 F.3d at 940 (directing district courts to remand where the ALJ's decision "is so poorly articulated as to prevent meaningful review"). As such, the court cannot find that the ALJ's RFC formulation simply constitutes "alternative phrasing" of the CPP limitation.

In its prior order, the court indicated that it would consider awarding enhanced attorneys' fees should the Commissioner continue to dispute a need for remand and the court ultimately determine that it is warranted. (5/4/15 Op. & Order (dkt. #17) 3.) While the court finds remand is warranted here, the court will not award enhanced fees

at this time.  The Commissioner attempted, albeit unsuccessfully, to distinguish this case from the three other cases in which it stipulated to remand in this court, as well as other cases from the Seventh Circuit described above.  While the court rejects the Commissioner's argument that the RFC formulation constituted alternative phrasing of the CPP limitation, the court does not find that maintaining this position was in bad faith or unreasonable.  The court cautions the Commissioner, however, that:  (1) it does not reach this conclusion lightly; (2) it will not hesitate to award enhanced fees if warranted in other cases, particularly where the court issues an order directing the Commissioner to explain why remand is not required; and (3) it continues to urge the Commissioner to review carefully any challenges based on the ALJ's treatment of a CPP limitation, as well as to remand voluntarily where warranted.

## ORDER

IT IS ORDERED that:

1) the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Halbert Vanderhoof's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion; and

2) the clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 30th day of September, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge